UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Keith Hickman, *pro se*,　　　　　　　　　　　　　Case No. 5:16-cv-1077

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

Margaret Bradshaw,

　　　　　Respondent.


## I.　　Introduction

Petitioner Keith Hickman, who is proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to his conviction for felonious assault following a 2014 jury trial in the Summit County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Jonathan D. Greenberg reviewed Hickman's petition and the arguments of the parties pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 10). Hickman has filed timely objections to Judge Greenberg's Report and Recommendation. (Doc. No. 13). For the reasons stated below, I overrule Hickman's objections and adopt Judge Greenberg's Report and Recommendation.

## II.　　Background

In March 2014, a Summit County jury convicted Hickman of one count of felonious assault with a firearm specification. Hickman offers no objection to Judge Greenberg's statement of the factual and procedural history of the state court proceedings, and I adopt those sections of the Report and Recommendation in full. (*See* Doc. No. 8 at 1-12).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

Hickman asserts three grounds for relief:

1. Petitioner was denied his right to a fair trial in violation of the Fifth, Sixth and Fourteen Amendment[s] to the United States Constitution when a juror conducted an independent investigation of the accused and the trial court did not grant a mistrial or remove the juror.

2. Petitioner was denied his Sixth Amendment right to a fair and impartial trial by jury when the trial court failed to control the State's key witness.

3. Hickman [was] denied his right to the effective assistance of appellate counsel under the Sixth Amendment to the United States Constitution when appellate counsel [fails] to raise a claim of trial counsel['s] ineffectiveness that is clear on the face of the record.

(Doc. No. 1 at 6-8).

## A. GROUND I

Hickman's first ground for relief centers on the trial court's response to receiving information that Juror No. 2 had searched the trial court's website concerning this case, purportedly because Juror No. 2 could not remember how to spell Hickman's name. (Doc. No. 10 at 14-15). Hickman asserts the Ninth District Court of Appeals unreasonably applied controlling federal law because the trial court did not hold a hearing regarding the potential juror misconduct as required by *Remmer v. United States*, 347 U.S. 227 (1954). (Doc. No. 13 at 3-6)[1].

It is true that *Remmer* requires a trial court faced with accusations of juror misconduct to "determine the circumstances, the impact thereof upon the juror, and where or not [they were] prejudicial, in a *hearing* with all interested parties permitted to participate." *Smith v. Phillips*, 455 U.S. 209, 216 (1982) (quoting *Remmer*, 347 U.S. at 230 (alteration and emphasis added by *Smith*)). Hickman fails to show, however, that the trial court did not sufficiently investigate the circumstances, or that the manner in which the trial court proceeded in investigating those circumstances falls short of what federal law requires.

As Hickman admits, the trial judge questioned Juror No. 2 "in the presence of counsel." *State v. Hickman*, 2015 WL 7075274, at *8 (Ohio Ct. App., Nov. 12, 2015). Hickman's attorney then requested that Juror No. 2 be replaced with the alternate juror, or "to pursue additional questioning

---

[1] Pages 5 and 6 of Hickman's objections are out of order in the document filed on the docket and instead appear as pages 6 and 5, respectively.

3

to ensure [Juror No. 2] was telling the truth" about his search and whether he shared any information with the other jurors. *Id.* The trial judge then questioned the jury foreman twice, and Juror No. 2 again, before defense counsel moved for a mistrial. *Id.* at *8-9. Before ruling on the motion, the trial judge "voir dired each juror to determine the impact of any statements made by Juror No. 2. The jurors were uniform in saying that any statements made by Juror No. 2 did not influence deliberations." *Id.* at *9.

This voir dire was conducted individually, in the trial judge's chambers, with a court reporter and counsel for both the prosecution and the defense present. (Doc. No. 6-2 at 488-516). Counsel had the opportunity to, and in fact did, ask questions of the jurors to determine what they heard and whether Juror No. 2's statements had any impact on their decision. There is no indication in either *Remmer* or *Smith* that the court's hearing must take a particular form, and Hickman does not explain why the inquiry the trial judge made was insufficient. The court of appeals concluded "[u]nder these circumstances, we cannot say that the trial court's denial of the motion [for a mistrial] was unreasonable, lacking in evidentiary support, or grossly unsound." *State v. Hickman*, 2015 WL 7075274, at *9.

Hickman has the burden to show the appellate court acted unreasonably when it determined the trial court conducted a sufficient inquiry and that Hickman did not demonstrate actual bias from Juror No. 2's misconduct. *See Smith*, 455 U.S. at 215. He has not done so, and I overrule his objection to Judge Greenberg's recommendation regarding Hickman's first ground for relief.

**B. GROUND II**

Hickman does not dispute Judge Greenberg's conclusion that Hickman's second ground for relief is not cognizable in a habeas proceeding. (Doc. No. 13 at 5; Page ID #844).

4

**C. GROUND III**

Finally, Hickman objects to Judge Greenberg's recommendation that I conclude Hickman's appellate attorney was not ineffective when the appellate attorney did not present, as an issue on appeal, trial counsel's failure to object to certain testimony, which violated his Sixth Amendment right to confront the witnesses against him. Hickman asserts his trial attorney improperly failed to object to two instances of testimony from the victim, Tobias Flakes, concerning the words and actions of Donna Henry, Flakes' girlfriend, and one instance of testimony from a Detective Garro, who testified Henry had admitted to him that she called 911 after Flakes was shot. (Doc. No. 10 at 27). Judge Greenberg determined it was not necessary to determine whether Hickman properly exhausted this claim in state court because it could easily be resolved on the merits. (Doc. No. 10 at 25).

In order to establish his ineffective assistance of counsel claim, Liles must show his appellate counsel's performance fell "below an objective standard of reasonableness" and that this deficient performance prejudiced him. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 688-92)). The prejudice prong of this analysis is a "demanding" test, as "[t]he likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

The Sixth Amendment "prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is unavailable to testify and the defendant had had a prior opportunity for cross-examination." *Ohio v. Clark*, 135 S.Ct. 2173, 2179 (2015) (quoting *Crawford v. Washington*, 541 U.S. 36, 54 (2004) (internal quotation marks omitted)).

In *Crawford*, the Supreme Court defined "testimony" as "a solemn declaration or affirmation made for the purpose of establishing or proving some fact." 541 U.S. at 51. While Flakes talked about Henry during his testimony, Flakes did not offer testimony on Henry's behalf. What Flakes

5

did – as Hickman describes it – is make "statements concerning Donna Henry's actions . . . ." (Doc. No. 13 at 10). Flakes testified Henry was at the house when Flakes was shot, and that she did and said certain things during that time. (Doc. No. 6-2 at 133, 136). Flakes testified to this based on his recollection of what happened, just as he did regarding what he recalled Hickman and the paramedics saying to him. Hickman does not identify any statement which Flakes testified Henry made concerning a fact at issue in Hickman's trial. Hickman does not point to any testimonial statements from Henry, and therefore his trial counsel did not err by failing to object to Flakes' testimony on this point.

As Judge Greenberg notes, Detective Garro's testimony that Henry admitted to Garro, in response to Garro's direct questioning, that she had called 911 after Flakes was shot likely is forbidden by *Crawford* and subsequent cases. *See Clark*, 135 S.Ct. at 2179-80 (Statements "are testimonial when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.") (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)).

As Judge Greenberg further notes, Hickman fails to establish trial counsel's failure to object to Garro's testimony was prejudicial. Instead of objecting, Hickman's trial counsel extensively cross-examined Garro concerning his testimony. (Doc. No. 6-2 at 362-65, 368-74). Moreover, Garro testified he also believed Henry was the person who made the 911 call because, after having "various conversations" with her, he "recognized her voice." (Doc. No. 6-2 at 363). Hickman cannot show there is a "substantial" likelihood the result of his trial would have been different if his trial attorney had objected to Garro's testimony regarding Henry's admission, *Storey*, 657 F.3d at 379, and fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, I overrule his objection.

6

## V.    Conclusion

For the reasons stated above, I overrule Hickman's objections to Judge Greenberg's Report and Recommendation. (Doc. No. 13). Hickman's petition for a writ of habeas corpus, (Doc. No. 1), is denied. Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

                                            s/ Jeffrey J. Helmick
                                            United States District Judge